WEISS *v.* WEISS.

1. EVIDENCE—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED —LOST DEED.

    In proceedings to partition land, where defendants claimed title through the will of their mother who in turn derived title from her husband by a deed which was lost before being recorded, the testimony of one of the defendants as to matters equally within the knowledge of the father, deceased, was properly excluded under 3

Comp. Laws 1915, § 12553, but his testimony relating to a conversation with his mother after the death of his father, and the reading by him of the deed and a narrative of its contents was admissible.

2. SAME—ESTABLISHING LOST DEED.
The decree of the court below establishing a lost deed and affirming title to the land in defendants, *held*, justified by the record.

Appeal from Oakland; Law (Eugene F.), J., presiding. Submitted April 4, 1922. (Docket No. 18.) Decided July 20, 1922.

Bill by Edward F. Weiss and others against Frank P. Weiss and others for the partition of certain real estate. Defendants filed a cross-bill to restore certain lost deeds. From a decree for defendants, plaintiffs appeal. Affirmed.

*Harvey S. Durand* and *Max Hulett,* for appellants.

*Charles F. Delbridge* and *Fred J. B. Sevald* (*W. Leo Cahalan,* of counsel), for appellees.

MOORE, J. This case is a bill for partition of certain real estate located in the township of Royal Oak, Oakland county, Michigan. The defendants claim that the fee to the land rests in them through the will of their mother, who obtained her title by will from Frank Weiss, their paternal uncle, for one undivided half, and by deed from their father for the other undivided half. Plaintiffs dispute the existence of the deed from Edward Weiss, father of defendants, to Wilhelmina Weiss, their mother.

In disposing of the case the chancellor filed a written opinion from which we quote:

"This bill of complaint is filed by Edward F. Weiss, Ida Weiss, his wife, and Clarence W. Carkeek. Plaintiffs allege that Edward Weiss, the father of Ed-

ward F., deceased May 29, 1891; that at the time of his death he was the owner of the undivided one-half of the west quarter of the northeast quarter of section 26, Royal Oak township, Oakland county. That Edward Weiss left surviving him six children and a widow, Wilhelmina Weiss, who died September 21, 1910; that the names of the six children are as follows: Edward F. Weiss, son, Emily Weiss-Clark, daughter, Frank P. Weiss, son, Carrie Weiss, daughter, John P. Weiss, son, Mathilda Weiss-Sutkus, daughter. * * *

"It is alleged in the bill of complaint that plaintiff Clarence W. Carkeek is interested in the land left by Edward Weiss as purchaser under a land contract dated December 18, 1916, of the interest of Edward F. Weiss. It is alleged that the following persons now own an interest in the above described lands left by Edward Weiss, on his death: Edward F. Weiss and wife, Ida, and Clarence W. Carkeek, as purchaser from them of a one-sixth interest; Emily Weiss-Clark, one-sixth interest; Frank P. Weiss, and Hattie Weiss, his wife, one-sixth interest; John P. Weiss, a single man, one-sixth interest; and Mathilda Weiss-Sutkus, one-sixth interest. (It appears in evidence that on February 26, 1916, plaintiffs, Edward F. Weiss and wife, Ida, conveyed to Carrie Weiss, by quit-claim deed, all their interest in the southwest quarter of the forty acres above described.)

"Plaintiffs pray for a partition of the land first described (except the southwest quarter thereof).

"From the bill and answers of the defendants and from the cross-bill of Frank P. Weiss and Hattie Weiss, and from the evidence it appears that Wilhelmina, the widow of Edward Weiss, who deceased on September 21, 1910, left a will in which she bequeathed to her son, plaintiff Edward F., $300, and to her daughter, Emily Weiss-Clark, $300, and to her children Frank P., Carrie, John P., and Mathilda she bequeathed and devised the residue of her real and personal property. This will was made September 7, 1907, and was allowed by the probate court of Wayne county on November 9, 1910. It also appears on March 5, 1912, these residuary devisees divided the 40 acres first described among themselves by quit-

claim deeds as follows: Frank P. and wife, Carrie, and Mathilda conveyed the southeast quarter to John P.; Frank P. and wife, John P. and Carrie conveyed the northwest quarter to Mathilda; John P., Carrie and Mathilda conveyed the northeast quarter to Frank P.; John P. and Mathilda together with Hattie, the wife of Frank P., conveyed the southwest quarter to Carrie.

"The claim of those defendants is that before the death of the father, Edward, he conveyed his interest in the land first described, to his wife, Wilhelmina, but that this deed was lost and hence the will of Wilhelmina gave them good titles.

"The daughter Emily was made defendant. She has answered admitting in the main the allegations of the bill. The daughter Carrie is not made a party. Frank P. Weiss and wife have filed an answer in the nature of a cross-bill. In this answer and cross-bill it is alleged that the whole 40 was formerly owned by Edward Weiss and his brother, Francis Weiss; that Edward conveyed his one-half interest to his brother Francis, but that said deed was not placed of record and is lost; that Edward exacted from his brother, Francis, a promise that the entire 40 acres should go to Wilhelmina and that Francis complied with this promise when he made his will; that shortly prior to his death, as an additional protection to Wilhelmina, Edward Weiss conveyed to his wife, Wilhelmina, his undivided interest in the 40 acres first described, by a deed executed and delivered but not placed of record and now lost; that Francis Weiss, the brother of Edward, was at that time the owner of the other undivided one-half interest in said 40 acres; that Francis Weiss died, leaving a will in which he devised to Wilhelmina Weiss his said interest and that this will was allowed in the probate court and all the interest in the 40 acres belonging to Francis was thus assigned to Wilhelmina; that by deed from her husband and by will of Francis Weiss, Wilhelmina acquired prior to her death the whole title in said 40 acres; that Wilhelmina died on September 21, 1910, leaving a will by which after making bequests of $300 each to her children, Edward F. Weiss and Emily Weiss-Clark, which they accepted, she divided to her

four remaining children the entire 40 acres; that about March 5, 1912, these four children, Frank P., Carrie, John P., and Mathilda voluntarily partitioned the whole 40 acres among themselves as heretofore set forth.

"It is alleged in this cross-bill that Carrie has conveyed her interest to plaintiff Carkeek.

"It is prayed in the cross-bill that the above described lost deeds may be restored and that Wilhelmina Weiss be decreed to have been at the time of her death the sole owner of the whole 40 acres or of at least her husband's former one-half interest therein and that whatever interest Francis Weiss had, passed to her under his will; that the partition of the 40 acres among Frank P., Carrie, John P. and Mathilda be recognized and affirmed by decree of this court.

"Frank P. testified that he saw a deed from his father to his mother in the fall of 1890, a few months prior to his death. However, I have struck out this testimony as inadmissible under the statute excluding testimony of an opposite party when equally within the knowledge of the deceased person, and shall not take it into consideration in deciding this case. This witness also testified he knew of a deed from his father to his uncle. This testimony is also struck out and is not considered. One witness, John Sulkowski, testified that he witnessed a deed from Edward Weiss to his wife, Wilhelmina, at the request of Edward Weiss; that the deed was signed by Edward Weiss and acknowledged; that it conveyed 'all my property.' That after the deed was made, it was taken from the table and carried away by Wilhelmina; that this occurred shortly before the death of Edward Weiss.

"I have recited in this finding only the material facts and have left out much detail. I realize it is a difficult case to determine on the facts. I am constrained to believe the testimony of the witness, Sulkowski, and much depends on his testimony; he seems to be entirely honest and truthful. However, there are many relevant facts which corroborate the claim that the whole 40 acres was the property of Wilhelmina Weiss, at the time of her death; the children, Edward F. and Emily, have accepted the

provision of their mother's will giving them $300 each. Voluntary partition of the 40 acres made in March, 1912, was recognized for some years and not questioned until Carrie attempted to dispose of her 10 acres to the plaintiff Carkeek. The whole matter of the estate of both the father and mother seems to have been considered settled by all the children until about 1916."

A decree was made in accordance with the opinion. The case is brought here by appeal.

Counsel for the appellants insist that the testimony falls far short of proving a lost deed, and that the decree should be reversed and a decree entered in favor of the plaintiffs, as prayed.

We quote from the brief of counsel:

"As the record will show, this case was heard July 24, 1918, and the opinion was filed nearly a month after. Judge Law returned to his own circuit and in writing his opinion did not have access to the testimony because it had not been written up; he was busy with matters of his own circuit. In making his decision, he was forced to rely upon the pleadings he had with him at Port Huron (with which he supplemented his opinion), and upon his recollection of the proofs. Under these circumstances, his memory of the testimony as to the most important part of the alleged deed absolutely failed him.

"It was Frank Weiss (and not Sulkowski) who testified the description read: 'All my property'—this testimony is part of what was excluded by the court. Sulkowski did not testify as to the description at all upon his direct-examination, but after listening to the argument of counsel, on being recalled, testified that the description read: 'Twenty acres in Royal Oak township.'

"A deed of a kind that could not be restored by the court, if it were true, as Frank Weiss testifies as to the kind of a deed he wants restored: 'All my property.' The deed Sulkowski testifies to means nothing unless it describes in detail the 20 acres belonging to Edward Weiss. The description testified

to would apply 'to any 20 acres in Royal Oak township."

We quote some of Mr. Sulkowski's testimony.   He is speaking of Edward ¡Weiss:

" 'Mr. Sulkowski, I send for you to witness here. You know the 40 acres we got?'   'Yes, I know the acres,' he says, '20 belongs to me and 20 to my brother, and my 20 I give to my wife.'   Mr. Stoll made the deed out.

"*Q*. Did he make a deed out?

"*A*. Yes, he made two out.   *   *   *

"*Q*. Did you see Mr. Edward Weiss sign it?

"*A*. Mr. Edward Weiss signed it before me and then his brother signed it and then I was the last.   *   *   *

"*Q*. After Mr. Stoll had drawn the deed, did he read it?

"*A*. Yes, he did.

"*Q*. Read it out loud to all of you?

"*A*. Yes, he read it so loud we could hear it all. After he read once and Mr. Weiss says, 'Shall I read the second one?' and he says, 'Was it necessary?' 'Well' he says, 'I will read it anyway.'   I signed two. One Mr. Stoll took and one he left there.

"*Q*. That is all.   Just one other thing.   What was Mr. Weiss' condition at that time, Edward Weiss?

"*A*. Why, he was kind of sickly, sick.   I knew the Stoll family; the father and the two boys.   This Mr. Stoll was not the father, he was the boy that was with him in the office.   He is dead."

Later the question was raised by counsel as to whether the testimony of Mr. Sulkowski showed a delivery of the deed, and he was recalled and testified in part:

"*Q*. Mr. Stoll took one?

"*A*. Yes, sir.

"*Q*. What did he do after they were witnessed by you?   Did Mr. Stoll take them after they were witnessed there by you and the brother Francis, witnessed them, what was done with them?

"*A*. Stoll took one and one he left to Mrs. Weiss

after we witnessed them.    He read them before we witnessed them.    *    *    *

"Q. How do you know he put one down for Mrs. Weiss?

"A. He put one on the table, one he left there.

"Q. How do you know he left it for Mrs. Weiss or Mr. Weiss?

"A. That I don't know, only Mrs. Weiss picked the paper up.    Mr. Stoll was gone and she picked it up on the table.    Mr. Stoll handed it to her first and then she laid it on the table and then after he went away she picked it up."

At this point it may be well to consider whether the chancellor should have rejected all of the testimony of Frank P. Weiss as being within the statute. The applicable statute is section 12553, 3 Comp. Laws 1915.    It is too long to quote here, but a reference to it will show that the chancellor was right in excluding that part of the testimony of Frank P. Weiss that was equally within the knowledge of his father, but we think a proper construction of the statute would not exclude that part of his testimony relating to a conversation with his mother after the death of his father, and the reading by him of the deed and a narrative of its contents.

The record has had our careful attention.    It is difficult to account for the acts of the parties upon any other theory than that they accepted as an established fact that the title to the 40 acres was in the mother. We think the record justifies the statement of the chancellor when he said:

"However, there are many relevant facts which corroborate the claim that the whole 40 acres was the property of Wilhelmina Weiss at the time of her death; the children, Edward F. Weiss and Emily, have accepted the provisions of their mother's will giving them $300 each.    The voluntary partition of the 40 acres, made in March, 1912, was recognized for some years and not questioned until Carrie attempted to dis-

pose of her 10 acres to the plaintiff Carkeek.    The whole matter of the estate of both the father and mother seems to have been considered settled by all the children until about 1916."

The decree is affirmed, with costs to the appellees.

FELLOWS, C. J., and WIEST, MCDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.